{¶ 25} I agree with the majority's conclusion in upholding Clark's guilty plea, but write separately to express my view of the issue before this court. *Page 9 
 {¶ 26} The Supreme Court of Ohio remanded this cause and instructed this court "to determine whether Clark was prejudiced by the trial judge's incorrect statement of the law so as to warrant vacating his guilty plea." State v. Clark, 119 Ohio St.3d 239, 2008-Ohio-3748, at ¶ 2.
 {¶ 27} In his brief, Clark states his "guilty plea was not knowing, voluntary, and intelligent because the trial court failed to correctly explain his maximum sentence." The record, however, reveals that this statement propounded by Clark is untrue.
 {¶ 28} At the plea hearing, the trial court correctly advised Clark that it could "order life imprisonment without the possibility of parole eligibility or * * * order life imprisonment with parole eligibility after 20 years, after a full 25 years, or after a full 30 years." Having been made aware that the maximum sentence was life imprisonment without the possibility of parole, Clark entered the plea.
 {¶ 29} However, the trial court incorrectly stated that, if released, Clark would be subject to post-release control for a maximum period of five years. Therefore, on appeal, Clark is attempting to convince this court that he was willing to accept the possibility of life imprisonment without the possibility of parole, but only under the following circumstance: 1) if a lesser sentence happened to be imposed, to wit: life imprisonment with the possibility of parole after 28 years, and 2) he happened to be granted release after 28 years, then 3) he would have only accepted the possibility that he could be on post-release control for a maximum of five years. Clark maintains that he would not have pled guilty if he was aware that instead of being on post-release control for a maximum of five years, he would be on parole indefinitely. Of course, this scenario would only occur if, in fact, Clark was ever released from prison. *Page 10 
 {¶ 30} Based on the plea colloquy, Clark was aware that he could be in prison for the rest of his life without the possibility of parole or, after serving a substantial minimum sentence, he would be subject to supervision until five years after his release. It strains the imagination to think that someone who in fact pled to an offense that could have resulted in life imprisonment with no parole eligibility somehow would not have accepted indefinite parole versus a limited period of post-release control.
 {¶ 31} A review of the record does not support Clark's contention of prejudice. Although the plea colloquy was somewhat confusing on this narrow point, there was no discussion, question, or comment indicating that this was of particular concern or import to Clark. Contrary to his contention, a much lesser sentence was imposed than the maximum the court could have imposed. As a result, Clark's request to withdraw his plea can only be reasonably explained as a change of heart and, therefore, his guilty plea should not be vacated. *Page 1